[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
The plaintiff, who has sued the defendant for back rent, has moved to strike count three of the defendant's counterclaim, which alleges that various acts by the plaintiff constitute unfair trade practices within the meaning of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes §42-110a, et seq. In particular, the defendant alleges that the plaintiff fraudulently induced the defendant to enter into a lease by misrepresenting that the building was heated by oil, rather than natural gas; that the roof was in good repair; that the overhead door was in good repair; and that the building contained a one-half ton hoist or that one would be provided. Counts one and two of the counterclaim make the same factual allegations and claim breach of contract and fraud, respectively.
The plaintiff contends that whatever the merits of the CT Page 11665 defendant's breach of contract and fraud claims may be, the allegations do not rise to the level of an unfair trade practice as defined in Noble v. Marshall, 23 Conn. App. 227, 579 A.2d 594
(1990). There, the Supreme Court held that in order to determine whether a course of conduct constituted an unfair trade practice, it must first be determined "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise; whether in other words, it is within at least the penumbra of some common law statute or other established concept of fairness; (2) whether it is immoral, unethical, oppressive or unscrupulous; and (3) whether it causes substantial injury to consumers."
The defendant claims that the activities of which it complains were undertaken by the plaintiff in the course of its trade as a commercial landlord, that the actions complained of constitute a deceptive practice and that it has suffered a loss as a result. Plaintiff argues that this case is merely a private dispute between a commercial landlord and its tenant, and such issues as misrepresentation regarding the type of heat and the condition of the building cannot be bootstrapped into a CUTPA claim.
To the extent that the question critical to the resolution of the motion to strike is whether a single act of misconduct is sufficient to trigger the provisions of CUTPA, our appellate courts have yet to act, and the superior court decisions on the subject are more or less equally divided. See, e.g., Levesque v.Kris Enterprises, 4 Conn. L. Rptr. 86 (May 20, 1991) (Susco, J.);Metpath, Inc. v. IDS Corp. 3 Conn. L. Rptr. 349 (March 12, 1991) (Aronson, J.); Michael J. Stula Agency v. Wasniewski, 9 CSCR 159
(January 27, 1991) (Austin, J.); Michael J. Stula Agency v. TriTown Foods, 1994 Ct. CaseBase 819 (January 27, 1994) (Austin, J.); Ransam v. Amerilink Ltd., 3 Conn. L. Rptr. 382 (March 19, 1991) (Dranginis, J.); Gustafson v. Young, 12 Conn. L. Rptr. No. 4 105 (July 8, 1994) (Teller, J.); Quality Electric Co. v.Suffolk Construction, 1993 Ct. CaseBase 6393 (June 30, 1993) (Hennessey, J.); Palmieri v. Smith, 9 CSCR 891 (July 18, 1994) (Hennessey, J.). Cf. Duncan v. Burnside Motors, 2 CSCR 379
(February 26, 1987) (O'Neill, J.); Laks v. Metropolitan Propertyand Casualty Insurance Co., 8 Conn. L. Rptr. 32 (December 3, 1992) (Flynn, J.); Koehm v. Kuhn, 558 A.2d 1042, 41 Conn. Sup. 130
(1987); Skinner v. Till, 3 Conn. L. Rptr. 81 (April 16, 1991) (Teller, J.); Gleason v. Huntington Mortgage Co., 1995 Ct. CT Page 11666 CaseBase 2992 (Wagner, J.).
In fact, however, what the defendant has alleged is not a single act, but rather a course of conduct in which the plaintiff allegedly made a variety of misrepresentations in order to induce the defendant to lease the property in question. Viewing count three of the counterclaim in the light most favorable to the defendant, it cannot be concluded that it has failed to state a claim under CUTPA upon which relief may be granted.
At oral argument, the plaintiff argued that the defendant had been a tenant for some eight years and has not raised this CUTPA claim until it was faced with the plaintiff's underlying claim for unpaid rent. Although this issue may be relevant in assessing the strength of the defendant's claim under CUTPA, it does not render their claim one upon which relief may not be granted as a matter of law.
The defendant's allegations set forth a claim upon relief may be granted under CUTPA as a matter of law. The motion to strike is therefore denied.
Jonathan E. Silbert, Judge